**Larry T. WILSON, Plaintiff-Appellant,**

v.

**Thomas L. BEEBE et al., Defendants-Appellees.**

No. 77-1725.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 26, 1979.

Decided Jan. 4, 1980.

Rehearing Denied Feb. 4, 1980.

David R. Skinner, Richard B. Gustafson, Skinner, Miner & Gustafson, Bay City, Mich., for plaintiff-appellant.

Frank J. Kelley, Atty. Gen. of Mich., Robert Derengoski, Sol. Gen., Christine A. Derdarian, Thomas L. Casey, Asst. Attys. Gen., Lansing, Mich., for defendants-appellees.

Before EDWARDS, Chief Judge, and LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

Plaintiff appeals from the dismissal of Counts 2 and 3 of a complaint charging a State Police officer, Beebe, and two of his superior officers in the Michigan State Police force, with abuse of federal due process rights of plaintiff Wilson when officer Beebe, after apprehending Wilson on a breaking and entering charge, shot him in the lower back in the process of trying to handcuff him with a cocked revolver in his hand. The District Judge to whom this case was assigned dismissed the counts pertaining to Beebe's supervisory officers on the ground that the allegations against them did not state a cause of action under 42 U.S.C. § 1983 (1970), and certified the questions presented here as controlling questions of law, while retaining jurisdiction over the § 1983 complaint against State Police Officer Beebe.

The complaint in this case did not allege as to the two State Police officials that they played any personal role in the shooting incident. It does allege that they failed in their supervisory and training functions to prepare Officer Beebe properly for the making of the arrest involved.

It appears that the United States Supreme Court has held that a § 1983 action

will not lie against police supervisory officers for failure to prevent police misconduct, absent a showing of direct responsibility for the improper action. *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Kostka v. Hogg*, 560 F.2d 37 (1st Cir. 1977); *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The judgment of the District Court is affirmed.