Jan Tillman HUTCHENS a/k/a
Jay Mann

v.

Bob BECKHAM, jointly and individually; Herbert E. Kernaghan, Jr., jointly and individually; Jack B. Mohney, jointly and individually; and Other Unknown Parties, jointly and individually.

Civ. A. No. C 180–182.

United States District Court,
S. D. Georgia,
Augusta Division.

Sept. 9, 1981.

John Paul Batson, Batson & Shurtleff, Augusta, Ga., for plaintiff.

David E. Hudson, Augusta, Ga., for defendant Beckham.

Elizabeth C. Calhoun, Augusta, Ga., for defendant Kernaghan.

Louis Saul, Augusta, Ga., for defendant Mohney.

## ORDER

VINING, District Judge.

This action is brought pursuant to 42 U.S.C. § 1985(3), which provides a remedy for a person injured by a conspiracy intended to deprive him or a class of persons of the equal protection of the laws. In his complaint, the plaintiff alleges that the defendants conspired to close down his business as publisher of the "West Augusta News" because of his political beliefs. By order of January 20, 1981, the Honorable Anthony Alaimo dismissed that portion of the plaintiff's complaint relating to the abridgement of his First Amendment rights, expressly reserving for decision the question of whether a class of "neighborhood newspapers which declines to endorse or make a commitment to a particular political party" is a protected class within the meaning of section 1985(3). Now before the court are the defendants' motions for summary judgment in regard to this particular issue and the plaintiff's motion to amend his complaint pursuant to Fed.R. Civ.P. 15.

While leave to amend a complaint should be liberally granted, it may be denied for undue delay and if allowance of the amendment would unduly prejudice the defendants. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In his motion, the plaintiff requests leave to amend his complaint by adding a claim brought pursuant to 42 U.S.C. § 1983, a claim of a violation of his due process rights under the Fourteenth Amendment, a claim for punitive damages, and reinstatement of his First Amendment claim, which was previously dismissed by Judge Alaimo. The plaintiff also attempts to change the delineation of the protected class under section 1985(3) by changing it from a class of neighborhood newspapers to a class of supporters of a particular political cause. At some point in time the delay on the part of the plaintiff seeking leave to amend the complaint can be procedurally fatal. In that situation, the plaintiff must meet the burden of showing that the delay was due

to oversight, inadvertence, or excusable neglect. *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981). Furthermore, if the complaint as amended is subject to dismissal, leave to amend need not be given. *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539 (5th Cir. 1980).

■ The requested amendments in the instant case present an entirely different lawsuit than that contemplated by the plaintiff's original complaint. Discovery in this case closed on July 1, 1981, and the pretrial conference was held on August 20, 1981. Allowance of the proposed amendments by the plaintiffs would require the defendants to file a new answer and conduct discovery on the new claims asserted by the plaintiff. The effect of the plaintiff's proposed amendments would not be to clarify the issues in this litigation but rather to initiate a totally different lawsuit which would unduly prejudice the defendants. The plaintiff has failed to demonstrate any excusable neglect or inadvertence concerning this delay in amending his complaint. Furthermore, the plaintiff's section 1983 claim and his Fourteenth Amendment due process claim are subject to dismissal due to the lack of any involvement of state action. For the foregoing reasons, the plaintiff's motion for leave to amend his complaint is hereby DENIED.

In his order dismissing the plaintiff's First Amendment claim, Judge Alaimo reasoned that since there was no state action involved, the plaintiff's section 1985(3) claim must be dismissed since section 1985(3) did not provide a remedy for private interference with First Amendment freedoms. At the time of that order, the Fifth Circuit had not ruled on this issue. In *Murphy v. Mt. Carmel High School*, 543 F.2d 1189 (7th Cir. 1976), the court expressly held that section 1985(3) provided no remedy for purely private impairment of First Amendment speech and associational freedoms. *Accord, Bellamy v. Masons Stores, Inc.*, 508 F.2d 504 (4th Cir. 1974). In *Scott v. Moore*, 640 F.2d 708 (5th Cir. 1981), the Fifth Circuit rejected the analysis of *Murphy v. Mt. Carmel High School*, stating

that the Seventh Circuit's reasoning was contrary to the Supreme Court's analysis in *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). In *Scott*, the Fifth Circuit held that *Griffin* "made it unmistakably clear that section 1985(3) was intended to provide a remedy for all private conspiracies." 640 F.2d at 717. The "independent illegality" requirement set forth by the Fifth Circuit in *McLellan v. Mississippi Power and Light Co.*, 545 F.2d 919 (5th Cir. 1977) (en banc) (requiring that the object of a section 1985(3) conspiracy be accomplished by independently unlawful conduct), apparently resolved the uncertainty faced by the Seventh Circuit regarding what constituted a deprivation of equal protection by private persons. This independent illegality requirement limits the potentially boundless reach of section 1985(3) and provides meaning to the concept of a private impairment of constitutional rights. *Scott v. Moore*, 640 F.2d at 718.

■ Even though the plaintiff in the instant case is not now required to show any form of state action regarding the First Amendment claim, however, the dismissal of that claim by Judge Alaimo remains proper since the plaintiff still must meet the second requirement of *Griffin v. Breckenridge, supra*, that of invidiously discriminatory class-based animus. Not every conceivable class of persons is covered by section 1985(3), nor does section 1985(3) grant a cause of action for every conspiratorial tort or for every wrong committed by a common plan or design. *Baskin v. Parker*, 602 F.2d 1205, 1208–09 (5th Cir. 1979). A plaintiff in a section 1985(3) action must demonstrate that he is a member of some class discriminated against because of the exercise of a constitutionally protected right. Absent any evidence of this class-based animus, a plaintiff's section 1985(3) cause of action must fail. The issue now before the court is whether a class of "neighborhood newspaper publishers" may be deemed a class falling within the ambit of section 1985(3).

■ Courts have accorded section 1985(3) protection to two major groups: (1) classes

whose members are identified with one another by some inherited or immutable physical trait or history of past discrimination, primarily race, *Ward v. Conner,* 657 F.2d 45, (4th Cir. 1981) (religious groups) and (2) classes whose members are discriminated against because of their political beliefs or their associations with others, *Glasson v. City of Louisville,* 518 F.2d 899 (6th Cir. 1975) (supporters of a political candidate); *Smith v. Cherry,* 489 F.2d 1098 (7th Cir. 1973) (voters); *Cameron v. Brock,* 473 F.2d 608 (6th Cir. 1973) (supporters of an incumbent sheriff). Until *Scott v. Moore, supra,* the Fifth Circuit had not answered the question of whether section 1985(3) reached conspiracies founded upon discriminatory animus directed against classes defined by some characteristic other than race. In *Scott,* however, the court extended section 1985(3) protection to include a conspiracy motivated by a non-racial class animus. Aware of the concern by the Supreme Court in *Griffin,* over the potentially limitless sweep of section 1985(3), the court in *McLellan, supra,* set forth three factors used to determine the appropriateness of a stated class under section 1985(3). First, the court must examine the legislative history for evidence of congressional concern about discrimination against the alleged class. Second, the court must determine whether it would be inappropriate to enlarge the group of protected classes to include the particular class alleged by a plaintiff. Third, the court must determine whether the right alleged is relevant to the determination that the class itself is protected by section 1985(3).

The plaintiff's complaint delineates a class of neighborhood newspaper publishers and the right alleged is the right to support a particular political candidate. While this court agrees that the right to support a particular political candidate is one properly protected by section 1985(3), *see Means v. Wilson,* 522 F.2d 833 (8th Cir. 1975); *Glasson v. City of Louisville, supra,* there is no evidence of any congressional concern about discrimination against newspaper publishers. Nor does this court think it appropriate to extend the group of pro-

tected persons to include newspaper publishers, *see Arnold v. Tiffany,* 487 F.2d 216 (9th Cir. 1973) (newspaper dealers as a class rejected). More readily identifiable classes than that asserted by the plaintiff have been rejected under the provisions of section 1985(3). *See DeSantis v. Pacific Telegram and Telegraph Co.,* 608 F.2d 327 (9th Cir. 1979) (homosexuals); *McLellan v. Mississippi Power & Light Co., supra,* (persons who file voluntary bankruptcy petitions); *Bricker v. Crane,* 468 F.2d 1228 (1st Cir. 1972), *cert. denied,* 410 U.S. 390, 93 S.Ct. 1368, 35 L.Ed.2d 592 (1973) (physicians who testified in malpractice suits); *Taylor v. Nichols,* 409 F.Supp. 927 (D.Kan.1976) (policemen).

It appears from the evidence presented in the record that the plaintiff is the only member of his alleged class who is a victim of the alleged conspiracy. The plaintiff admitted in his deposition that he was aware of no conspiracy against any other newspaper in the area (plaintiff's deposition, pp. 13–14). The affidavits attached to the defendants' briefs in support of their motions for summary judgment state that the defendants had no animus toward a class of neighborhood newspaper publishers. Absent any evidence of class-based animus, there can be no cause of action under section 1985(3). Although Judge Alaimo ruled that the plaintiff had an individual cause of action regarding his allegation of conversion of property pursuant to Ga.Code Ann. § 26–1808 (1978), this cause of action is one properly brought in state court. The Fifth Circuit has not decided whether section 1985(3) also protects against private conspiracies to deny rights secured under state law. *Scott v. Moore,* 640 F.2d at 718, fn. 7.

This court is mindful of the Fifth Circuit's concern over the broad sweep of section 1985(3) and is not persuaded that a class of neighborhood newspapers is the type of class intended to be protected under the Ku Klux Klan Act. Accordingly, since no material issue of fact exists, the defendants' motions for summary judgment are hereby GRANTED.

SO ORDERED, this 9th day of September, 1981.