**Kelly Ray JONES, Plaintiff,**

v.

**George F. DENTON, Director, State of Ohio Department of Rehabilitation and Correction, et al., Defendants.**

**No. C–3–81–171.**

United States District Court, S. D. Ohio, W. D.

Oct. 15, 1981.

Lawrence W. Henke, III, Dayton, Ohio, for plaintiff.

Mark Bonaventura, Columbus, Ohio, for defendants.

DECISION AND ENTRY ON MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS GEORGE F. DENTON AND FRANK H. GRAY; MOTION GRANTED; JUDGMENT TO DEFENDANTS DENTON AND GRAY; ENTRY OF JUDGMENT; CASE REMAINS VIABLE AGAINST REMAINING DEFENDANTS; ENTRY OF CONTINUANCE OF TRIAL DATE; FURTHER PROCEDURES ORDERED OF PLAINTIFF'S COUNSEL

RICE, District Judge.

The captioned cause is before this Court upon a motion for summary judgment, pursuant to Fed.R.Civ.P. 56, by defendants George F. Denton (Director of the State of Ohio Department of Rehabilitation and Correction) and Frank H. Gray (Superintendent of the Ohio State Reformatory at Mansfield), for the reason that there is no genuine issue as to any material fact with respect to their liability under 42 U.S.C. § 1983. Specifically, these defendants argue that plaintiff has not alleged facts suf-

ficient to show that he has been deprived of his constitutional rights. Assuming, arguendo, that such a showing has been made, the moving Defendants contend that they are not liable for the acts of subordinates. Defendants' motion is well taken for the latter reason and said motion is hereby granted. Judgment is, therefore, granted in favor of the moving Defendants and against the Plaintiff herein.

### I.

Plaintiff Kelly Ray Jones alleges deprivation of his constitutional rights as a result of the "deliberately indifferent" medical care by the defendants while plaintiff was incarcerated at the Ohio State Reformatory at Mansfield.

Jones was injured in an auto accident on October 7, 1979, breaking both legs. He was treated at St. Elizabeth Medical Center, Dayton, under the care of Dr. Daniel Camacho. He was released in late October but readmitted for treatment of a staphylococcus aureus infection in his left leg. The hospital released Jones in early December, after the Plaintiff had been given orders from Dr. Camacho to avoid putting full weight on the left leg and to remain on antibiotics for three months.

On December 13, 1979, Jones was sentenced to serve two to fifteen years at the Ohio State Reformatory at Mansfield, having pled guilty to a charge of burglary in the Common Pleas Court of Miami County, Ohio, earlier in the year. Jones arranged to be readmitted to St. Elizabeth for treatment of the staph infection, but was transferred to the Reformatory on January 10, 1980, after, in the words of the complaint, "a person or persons unknown had determined that the medical facilities at the Defendant Ohio State Reformatory were adequate to care for the Plaintiff's condition."

Once admitted to the Reformatory, Jones alleges that the medical personnel there did not properly treat the staph infection in his leg. Among other things, Jones contends that he was denied use of crutches and medical treatment of the staph infection for seven weeks, and that as a result his leg swelled to twice the normal size and he developed chronic osteomyletis, which will permanently damage his left leg. Plaintiff was transferred to the Lebanon Correctional Institution on February 15, 1980.

Plaintiff filed suit in this Court under 42 U.S.C. §§ 1981, 1983, with pendent state law claims, invoking the jurisdiction of this Court pursuant to 28 U.S.C. § 1331(a), charging that several doctors and nurses at the Reformatory (listed in the complaint as John Doe and Jane Doe, respectively) deprived him of his constitutional rights under the Eighth and Fourteenth Amendments. The complaint seeks to hold Denton and Gray liable for the same violations, since they were "responsible for providing adequate health care to the inmates" and were "negligent in the selection and hiring" of the doctors and nurses.

### II.

As previously noted, defendants Denton and Gray argue that plaintiff suffered no deprivation of constitutional rights, and to the extent that he did, they are not liable for any acts of subordinates under the facts and circumstances of this case.

On a Rule 56 summary judgment motion, the burden is on the moving party to show conclusively that there exists no genuine issue as to a material fact, considering the evidence most favorably to the party against whom the motion is directed. *Watkins v. Northwestern Ohio Tractor Pullers*, 630 F.2d 1155, 1158 (6th Cir. 1980). Based on the record before the Court, this Court cannot conclude that defendants have met this burden with respect to plaintiff's deprivation of constitutional rights.

To obtain redress for injuries resulting from violations of the Eighth Amendment, a plaintiff cannot merely allege that a physician in a prison was negligent in diagnosing or treating a medical condition, but must allege "deliberate indifference to serious medical needs" of the prisoner. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976); *Red-*

mond v. Baxley, 475 F.Supp. 1111, 1117–19 (E.D.Mich.1979). In the present case, plaintiff alleges facts that go beyond mere negligence. For example, he alleges that he was denied important medical treatment for the staph infection and the use of crutches for over a month. The doctor and nurses at the Reformatory were aware of this need, he asserts, through a letter from Dr. Camacho, through plaintiff's own complaints, and through his leg swelling to twice the normal size.

■ Defendants argue that plaintiff received adequate medical care. They allege that plaintiff saw a doctor on the first day at the reformatory, received codeine medication and other treatment from January 11, 1980, until he was transferred, was on antibiotics after January 24, and had the use of crutches for the time in question. At worst, defendants conclude, this treatment was "merely negligent." Defendants' version of the medical treatment obviously conflicts in important respects with that of the plaintiff. Moreover, even if defendants' version is the correct one, it is not clear that plaintiff received adequate care for the staph infection in his leg for the two week period beginning January 10, 1980. In short, genuine issues as to material facts remain which preclude granting summary judgment on the basis of plaintiff's medical treatment.

■ However, a different result obtains for Denton and Gray's responsibility for the alleged wrongdoing of their subordinates. It is well settled that in a § 1983 action supervisors cannot be held liable solely on the basis of respondeat superior, that is, solely for being in a supervisory position. Monell v. New York Department of Social Services, 436 U.S. 658, 691–94, 98 S.Ct. 2018, 2036–37, 56 L.Ed.2d 611 (1978); Coffy v. Multi-County Narcotics Bureau, 600 F.2d 570, 580 (6th Cir. 1979). To surmount this barrier, plaintiffs must show that the supervisor personally participated in the alleged wrongdoing, Wilson v. Beebe, 612 F.2d 275, 276 (6th Cir. 1980) (per curiam ), or that the wrongdoing was due to a custom which had received formal approval by the supervisor,

Monell v. New York Department of Social Services, supra, or that the wrongdoing was part of the persuasive pattern of conduct, Coffy v. Multi-County Narcotics Bureau, supra. Plaintiff has alleged none of these circumstances in his complaint, only stating that Denton and Gray were "responsible" for the adequacy of the medical treatment. In effect, this is but a restatement of the respondeat superior doctrine and cannot form a basis for Denton and Gray's liability.

■ Alternatively, the complaint states that Denton and Gray were "negligent in the selection and hiring" of the doctors and nurses who treated plaintiff at the Reformatory, although the parties only allude to this allegation in their memoranda. Several courts, including one within this Circuit, have suggested that a supervisor's actions in hiring and training subordinates may form a basis for the liability of the supervisor for the acts of subordinates. See Edmonds v. Dillin, 485 F.Supp. 722, 726–27 (N.D.Ohio 1980); Leite v. City of Providence, 463 F.Supp. 585 (D.R.I.1978). After a careful review of this theory of liability, with which this Court is in agreement, the Edmonds Court concluded that mere negligent hiring and training was not sufficient, but that liability must be predicated on a "complete failure" to train or training in "reckless disregard" of the prisoner's constitutional rights under the Eighth Amendment. Edmonds v. Dillin, supra, at 727. Plaintiff has failed to meet this standard. The language of the complaint itself refers only to "negligent" selection and hiring of the subordinates. Plaintiff has not subsequently proffered any facts to indicate that Denton and Gray completely failed to train, or hired and trained with reckless disregard. Hence, Denton and Gray cannot be held liable in this action.

Accordingly, the motion for summary judgment by defendants Denton and Gray is well taken and same is hereby granted. Judgment is, therefore, granted in favor of said Defendants and against the Plaintiff herein.

This case remains viable against the John Doe doctors and the Jane Doe nurses who

were not included in the Defendant's motion for summary judgment.

The Plaintiff's motion, seeking leave of Court to amend his complaint to list the correct names and addresses of said Defendants, has been granted. The trial set for the week of October 12, 1981, is continued. Plaintiff's counsel is directed to take all necessary steps to serve the newly identified Defendants. A pretrial conference will be had at such time as said Defendants have entered an appearance on this case through answer or motion.