Robert STEFANIAK, Wanda Richards and Renee Stefaniak, Plaintiffs,

v.

The STATE OF MICHIGAN, Michigan State Police Department, Colonel Gerald Hough, Lieutenant Orlin Street, Officer Garry Leland Lancewicz, Officer Victor Trieweiler, Officer Sanford, Officer Shuler, Grand Traverse County Prosecutor's Office, jointly and severally, Defendants.

No. G82–858 CA7.

United States District Court, W.D. Michigan, S.D.

May 10, 1983.

---

Ernest L. Jarrett, Detroit, Mich., for plaintiffs.

John D. Foresman, Pros. Atty., by Dennis LaBelle, Chief Asst. Pros. Atty., Traverse City, Mich., and Cholette, Perkins & Buchanan by Richard D. Ward, Grand Rapids,

Mich., for Grand Traverse Co. Prosecutor's Office.

Frank J. Kelley, Atty. Gen., by Thomas C. Johnson, Asst. Crim. Div., Lansing, Mich., for State of Mich. et al.

OPINION RE MOTIONS TO DISMISS

HILLMAN, District Judge.

## I. INTRODUCTION

Plaintiffs brought this action against the State of Michigan, the Michigan State Police, various state police officers and officials, and the Grand Traverse County Prosecutor's Office, pursuant to 42 U.S.C. §§ 1983 and 1985, alleging certain deprivations of constitutional rights by defendants. Plaintiffs maintain that while standing outside a courtroom in the 86th Judicial District Court of Michigan, following the trial of plaintiff Robert Stefaniak's brother, plaintiffs were physically assaulted by defendant Officer Garry Lancewicz. Thereafter, plaintiffs allege that they were unlawfully arrested, and criminally prosecuted for disorderly conduct and resisting arrest.

Plaintiffs further allege that when defendants became aware of the plaintiffs' intent to initiate a lawsuit based on the allegedly unlawful arrest, defendants, Officers Sanford and Shuler, attempted to intimidate plaintiffs by stopping plaintiffs' automobile and placing plaintiffs under "false arrest." Plaintiffs allege violations of their First, Fourth, Fifth, Eighth and Fourteenth Amendment rights, and a conspiracy among the defendants to violate these rights. In addition, plaintiffs maintain that defendants are liable for using excessive force upon plaintiffs, for abuse of process and malicious prosecution, and for infliction of emotional distress.

Presently before the court is a motion to dismiss filed by defendant Grand Traverse County Prosecutor's Office (hereinafter "prosecutor"). The prosecutor maintains that plaintiffs' claims against him should be dismissed in view of *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1973), which held that state prosecutors are absolutely immune from liability for damages in cases involving purported violations of civil rights. Plaintiffs maintain that *Imbler v. Pachtman, supra,* does not protect the prosecutor under the facts which plaintiffs have alleged in the instant case.

The court also has before it motions to dismiss filed by the State of Michigan and its agency, the Michigan Department of State Police, Colonel Gerald Hough, and Lieutenant Orlin Street. The State and its agency contend that plaintiffs' action against them is barred by the Eleventh Amendment to the United States Constitution. Defendants Hough and Street maintain that plaintiffs' complaint merely alleges that these defendants failed to properly supervise the offending officers in the performance of their duties. This being the case, according to defendants Hough and Street, plaintiffs' complaint fails to state a cause of action against them and should be dismissed.

## II. DISCUSSION

### A. *Prosecutor's Motion to Dismiss*

Section 1983 provides a remedy for deprivations of rights secured by the United States Constitution by persons acting under color of state law. *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980); *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). In *Imbler v. Pachtman, supra* 424 U.S. at 416, 96 S.Ct. at 988, the plaintiff claimed that the defendant prosecutor had violated his civil rights by allowing a witness to testify falsely at plaintiff's murder trial, by prosecuting plaintiff even though the prosecutor was aware that the plaintiff had been "cleared" by a lie detector test, and by using a police artist's sketch of the murder suspect which had been altered to resemble plaintiff more closely after the investigation had focused upon him. In upholding the district court's dismissal of plaintiff's complaint, the Supreme Court held that a state prosecutor is absolutely immune from a civil suit for damages under 42 U.S.C. § 1983 in "initiating a prosecution and in

presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

Plaintiffs argue that the liability of the prosecutor in the instant case is based, not on the "initiation and presentation of the state's case," as in *Imbler v. Pachtman, supra,* but on the prosecutor's alleged failure to properly investigate the criminal prosecutions brought against plaintiffs and to "contact and/or interview all persons who had information relative to the charges against the plaintiffs." In addition, plaintiffs allege, somewhat ambiguously, that the prosecutor breached his duty to investigate "in an affirmative effort to participate with arresting officers in giving the appearance of propriety to the acts of the arresting officers." Finally, plaintiffs contend that the prosecutor's office "took part in causing the plaintiffs' case by deliberately slowing the time table for prosecution of this type of action." Plaintiffs argue that defendant's alleged conduct "neither relates to the decision to initiate a prosecution nor the manner of presentation of the case."

In *Imbler v. Pachtman, supra* at 430, 96 S.Ct. at 995, the Supreme Court did not address the issue of whether the absolute immunity afforded state prosecutors for actions taken in the course of initiating or presenting the state's case would extend to "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer." Subsequently, it has been generally held by courts of appeals which have confronted the question, that state prosecutors are not absolutely immune from civil suit for acts done in an administrative or investigative capacity. *Mancini v. Lester,* 630 F.2d 990, 992 (3d Cir.1980); *Marrero v. City of Hialeah,* 625 F.2d 499 (5th Cir.1980); *Forsyth v. Kleindienst,* 599 F.2d 1203, 1213–14 (3d Cir. 1979). Indeed, the Supreme Court has given implicit support to this proposition in *Butz v. Economou,* 438 U.S. 478, 515–17, 98 S.Ct. 2894, 2915–16, 57 L.Ed.2d 895 (1979), where it was held that executive officials are absolutely immune from acts performed when they are engaged in quasi-judicial functions. *See Harlow v. Fitzgerald,* —— U.S. ——, 102 S.Ct. 2727, 2735 n. 16, 73 L.Ed.2d 396 (1982).

In deciding whether certain prosecutorial conduct is "investigative or administrative," rather than quasi-judicial, the court should examine "the functional nature of the activities performed by the prosecutor rather than the prosecutor's status." *Imbler v. Pachtman, supra* 424 U.S. at 430, 96 S.Ct. at 995. Although certain acts committed by a prosecutor before an indictment issues may be characterized as quasi-judicial and therefore cloaked with absolute immunity, it has been held that "a prosecutor who assists, directs, or otherwise participates with the police in obtaining evidence prior to an indictment undoubtedly is functioning more in his investigative capacity than in his quasi-judicial capacity of 'deciding which suits to bring and . . . conducting them in Court.'" *Marrero v. City of Hialeah, supra,* 504–05, *quoting Imbler v. Pachtman, supra* 424 U.S. at 424, 96 S.Ct. at 992. Similarly, statements made to the press by a prosecutor which are unrelated to the initiation of a prosecution or to a pending judicial proceeding have been held to be "essentially those of an investigative officer informing the press of activities occurring at the scene of a crime." *Marrero v. City of Hialeah, supra* at 506. It is also true, however, that the "handling of evidence is clearly within the sweep of 'initiating and presenting the State's case,' and the prosecutor is immune from section 1983 liability for such decisions." *Henderson v. Fisher,* 631 F.2d 1115 (3d Cir.1980).

The court is mindful that when deciding a motion to dismiss a civil rights claim the court must consider whether it is beyond doubt that plaintiffs can prove no set of facts in support of their claims. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); Fed. R.Civ.P. 12(b)(6). For the following reasons, however, the court concludes that plaintiffs' complaint fails to state a cause of action against defendant Grand Traverse County Prosecutor's Office.

■ First, plaintiffs' claim that the prosecutor failed to properly investigate the allegations against the plaintiffs before deciding to prosecute is merely another way of ·stating that the prosecutor wrongfully initiated the state's case against plaintiffs. This is clearly activity for which the defendant is entitled to absolute immunity under the standards articulated in *Imbler v. Pachtman, supra* 424 U.S. at 431, 96 S.Ct. at 995. Second, the court finds that the alleged activity of the prosecutor in "deliberately slowing the time table for prosecution of this type of action," is also entitled to absolute immunity as part of the "presentation of the State's case." *Id.*

■ Finally, plaintiffs' allegation that the prosecutor should be held liable for the conduct of the defendant officers in allegedly arresting plaintiffs is without merit. It is settled law that a plaintiff proceeding under 42 U.S.C. § 1983 must allege that the defendant official was somehow personally involved in the unconstitutional activity of a subordinate. It is beyond question that respondeat superior is not a basis for imposing liability on public officials under section 1983. *Rizzo v. Goode,* 423 U.S. 362, 373–77, 96 S.Ct. 598, 605–07, 46 L.Ed.2d 561 (1976); *Hays v. Jefferson County,* 668 F.2d 869 (6th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 75, 74 L.Ed.2d 73 (1982); *Coffy v. Multi-County Narcotics Bureau,* 600 F.2d 570, 580 (6th Cir.1979); *Origel v. Washtenaw County,* 549 F.Supp. 792, 795 (E.D. Mich.1982). Plaintiffs' complaint is completely devoid of any factual allegations that the prosecutor actively participated in, encouraged, or directed the allegedly illegal acts of the defendant officers.

### B. *Remaining Motions to Dismiss.*

■ The State of Michigan and its agency, the Michigan Department of State Police, maintain that plaintiffs' suit against them is barred by the Eleventh Amendment to the United States Constitution. I agree.

The plaintiffs are seeking money damages from the State and the Michigan Department of State Police for the alleged deprivation of rights by the employees and/or officials of these defendants. It is now well established, however, that the Eleventh Amendment "immunizes a state from suits brought in federal court by the state's own citizens as well as by citizens of a foreign state." *Jacobson v. Tahoe Regional Planning Agcy.,* 566 F.2d 1353 (9th Cir.1977); *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). While a state may waive its Eleventh Amendment immunity from suit, "the conclusion that there has been a waiver of immunity will not be lightly inferred." *Jacobson v. Tahoe Regional Planning Agcy., supra* at 1361; *Petty v. Tennessee-Missouri Bridge Com'n,* 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959).

In the instant case, I find that the State defendants have not waived their immunity from suit. Consequently, plaintiffs' action against them for monetary damages is barred by the Eleventh Amendment.

■ Plaintiffs have also sued defendant Gerald Hough, in his capacity as the Director of the Michigan Department of State Police, and Lieutenant Orlin Street, as the head of the Michigan State Police Post in Traverse City, for the alleged failure of these defendants to properly supervise the "offending officers." Defendants have filed motions to dismiss arguing that a cause of action under 42 U.S.C. § 1983 may not be predicated on mere allegations of negligent supervision.

Plaintiffs maintain that defendants breached their duty of care to plaintiffs by failing to properly hire, train and supervise the individual defendant officers. In addition, plaintiffs contend that defendants Hough and Street established policies, customs or procedures which injured plaintiffs. Plaintiffs argue that these claims provide a "basis for direct rather than vicarious liability." Finally, plaintiffs seek injunctive relief compelling defendants to discontinue "harassing, frightening, coercing, or otherwise causing physical or mental distress" to plaintiffs.

In *Wilson v. Beebe,* 612 F.2d 275 (6th Cir.1980), plaintiff brought an action

against a state police officer and two state police officials for excessive force resulting in injuries during the course of the plaintiff's arrest. The Sixth Circuit upheld the district court's order which granted the officials' motion to dismiss, holding that an action under section 1983 will not lie "against police supervisory officials for failure to prevent police misconduct, absent a showing of direct responsibility for the improper action." 612 F.2d at 276.

More recently, the Court of Appeals held: "The result of [*Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976)], and subsequent cases in the lower federal courts applying the standards it announced is that a failure of a supervisory official to supervise, control, or train the offending individual officers is not actionable absent a showing that the official either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson County, supra* at 874.

The court concludes that plaintiffs have failed to state a claim upon which relief may be granted against defendants Hough and Street. Fed.R.Civ.P. 12(b)(6). Plaintiffs' section 1983 claims against these defendants must be dismissed since plaintiffs' allegations of improper hiring, training and supervision are not a recognized basis for liability under section 1983.

Furthermore, the court finds that plaintiffs are not entitled to injunctive relief which would enjoin defendants Hough and Street from "harassing, frightening, coercing, or otherwise causing physical or mental distress" to plaintiffs. Plaintiffs have not alleged that these defendants were directly involved in causing plaintiffs' alleged injuries. Equitable relief in the form of an injunction is unavailable "absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat...." *O'Shea*

*v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

In this regard, the Supreme Court, in addressing a prayer for injunctive relief against police officials under section 1983, recently held:

"[R]ecognition of the need for a proper balance between state and federal authorities counsels restraint in the issuance of injunctions against state officers engaged in the administration of the state's criminal laws in the absence of irreparable injury which is great and immediate."

*City of Los Angeles v. Lyons,* —— U.S. ——, ——, 103 S.Ct. 1660, 1670, 75 L.Ed.2d 675 (1983).

I am convinced that plaintiffs are not entitled to injunctive relief in view of the fact that plaintiffs are attacking the exercise of authority by state officials. It is now settled law that a plaintiff seeking to enjoin government officials must overcome "the well-established rule that the Government has traditionally been granted the widest latitude in the 'dispatch of its own internal affairs....'" *Rizzo v. Goode,* 423 U.S. 362, 378, 379, 96 S.Ct. 598, 607, 608, 46 L.Ed.2d 561 (1976), *quoting Cafeteria and Restaurant Workers Union Local 473 v. McElroy,* 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961). Plaintiff's complaint fails to set forth allegations which, if proved at trial, would entitle them to injunctive relief under the above standards.

### C. *Conspiracy Claims.*

■ As a final matter, the court concludes that plaintiffs' allegation that defendants participated in a conspiracy, in violation of 42 U.S.C. § 1985(3), fails to state a claim upon which relief may be granted. As is required by the Supreme Court's holding in *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), plaintiffs have failed to allege that they are members of a class discriminated against because of the exercise of a constitutionally-protected right. When there are no allegations of a "class-based animus," a plaintiff's section 1985(3) cause of action

must fail. *Hutchens v. Beckham,* 521 F.Supp. 426, 428 (S.D.Ga.1981).

### III. CONCLUSION

Accordingly, for the reasons stated, the motion to dismiss filed by defendant Grand Traverse County Prosecutor's Office is GRANTED, and plaintiffs' claims against this defendant are hereby DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the motions to dismiss filed by the State of Michigan, the Michigan State Police Department, Colonel Gerald Hough, and Lieutenant Orlin Street are GRANTED, and plaintiffs' claims against these defendants are hereby DISMISSED WITH PREJUDICE.