Tammy **THIBODEAUX**, et al.

v.

Elton A. **ARCENEAUX**, et al.

Civ. A. No. 83–1676 "L".

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

Oct. 18, 1984.

On Rehearing Nov. 26, 1984.

Sandrea L. Everett, Lafayette, La., for plaintiffs.

Richard J. Petre, Jr., Lafayette, La., for defendants.

---

### MEMORANDUM OPINION

DUHE, District Judge.

On May 23, 1981, Tammy Thibodeaux, co-plaintiff in this matter, purchased with a personal check $14.66 worth of goods from the West Brothers Department Store in Crowley, Louisiana, in Acadia Parish. The check was returned to the store for non-sufficient funds. The store manager sent a certified letter to plaintiff informing her of this fact and requested restitution. Thibodeaux failed to respond. On June 30, 1981, the store manager filed charges of theft by worthless check with the Clerk of the Crowley City Court.

On July 1, 1981, Thibodeaux was sent a letter by the Crowley City Court informing her of the charges and warning that unless restitution and costs were paid, a warrant for her arrest would be issued. Thibodeaux did not respond, and so on November 5, 1981, a warrant was issued by the Crowley City Court for her arrest.

On January 22, 1982, the Crowley City Court issued a fugitive arrest warrant for

Tammy Thibodeaux. Thibodeaux does not contest the validity of the issuance of this warrant, which was issued with probable cause and signed by Judge Aaron of the Crowley City Court. A certified copy of this fugitive arrest warrant was sent to the Rayne Police Department, as the plaintiff resided in Rayne (Acadia Parish). The Rayne Police Department, believing the Thibodeaux family had moved to Crowley, returned the certified copy of the warrant to the Crowley City Court. The deputy clerk, Gwen Breaux, then sent the certified copy of the warrant on February 19, 1982, to the Crowley Police Department. The normal procedure would have been for Breaux to note on the original warrant that the certified copy had been sent to the Crowley Police Department, so if the charges were dropped or dismissed, the warrant could be recalled. Breaux, however, failed through clerical oversight to do this.

Tammy Thibodeaux asserts that she was not aware of the outstanding charges and fugitive arrest warrant until a Rayne policeman and personal acquaintance, Mike Constantine, informed her of those facts and warned that the warrant would be executed if she did not make restitution. On or about June 1, 1982, Thibodaux mailed to the Clerk's Office a check for $39.66 to make restitution and cover costs. On June 7, 1982, the Clerk of Court dismissed the charges against her. The certified copy of the fugitive arrest warrant, however, was not recalled from the Crowley Police Department, as the Deputy Clerk of Court, Gwen Breaux had not recorded the fact that it had been sent there to begin with.

On the late afternoon of July 4, 1982, Officer Constantine came across Tammy Thibodeaux and her minor daughter, Tonya, while he was on patrol in Rayne. He checked by his car radio with the Crowley Police Department and was told the fugitive arrest warrant was still outstanding. Constantine stopped Thibodeaux and her daughter and informed her he was going to have to execute the warrant. Thibodeaux protested that she paid restitution and the

charges had been dropped. Constantine released Thibodeaux and her daughter to allow them to return home in search of the receipt. Thibodeaux promised Constantine that she would surrender herself at the Rayne Police Station in the next few hours, either with or without a receipt.

Thibodeaux was unable to locate the receipt at home, and as promised surrendered herself at the Rayne Police Station within two hours. Her daughter still accompanied her. (It is unclear why Tammy Thibodeaux returned to the police station with her daughter, Tonya. There were other family members at home, and a friend of Thibodeaux who seemingly could have taken custody of Tonya had helped search the home for the receipt). Thibodeaux protested that she had paid restitution, and that the charges against her had been dropped. The Rayne Police were informed by the Crowley Police that the fugitive arrest warrant was still outstanding, and that the Rayne Police were to detain her until officers arrived from Crowley to transfer her to Crowley. It is conceded by the defendant that Thibodeaux's detainment upon her arrival at the Rayne Police Station constituted an arrest for purposes of the Fourth and Fourteenth Amendments.

After some two hours at the Rayne Police Station, Thibodeaux and her daughter were taken to the Crowley Police Department. Upon her arrival, Thibodeaux repeated her protest that she had paid restitution and the charges against her had been dropped. The Crowley Police, with the outstanding certified copy of the fugitive arrest warrant, determined they had no choice but to keep Thibodeaux in custody until bond was posted or the Crowley City Court informed them otherwise. The Crowley City Court, however, was closed that day (Sunday, July 4th) and would remain closed on Monday as well. Thibodeaux and her child were detained for some five hours in the lobby of the Crowley Police Department, and released in the early hours of July 5, when Tammy's parents arrived to post bond.

Tammy Thibodeaux brought this action in her own capacity, as well as in her capacity as co-administrator of her minor child's estate, against multiple defendants. It is contended that Tammy Thibodeaux and her minor child were wrongfully deprived of their civil rights by persons acting under the color of state law, and thus entitled to damages under 42 U.S.C. § 1983. In addition, plaintiffs asserted claims for false arrest and wrongful imprisonment under Articles 2315 and 2316 of the Louisiana Civil Code through the pendent jurisdiction of this Court.

This matter went to trial before this Court on August 20, 1984. At the close of defendants' case the Court granted directed verdicts on plaintiffs' § 1983 cause of action in favor of defendants John Gibson, Chief of Police of the City of Crowley; The City of Crowley; and Ellis Cradeur, the Marshall of the Crowley City Court. Subsequently the jury granted verdicts in favor of Gibson, The City of Crowley, and Ellis Cradeur on the pendent state tort claims, but found defendant Gayle Newton, Clerk of Crowley City Court, liable under § 1983 and Articles 2315 and 2316 for $10,000 in compensatory damages ($5,000 each to Mrs. Thibodeaux and her daughter) and $20,000 in punitive damages to Tammy Thibodeaux under § 1983.

Defendant Gayle Newton has moved that this Court render a judgment in her favor notwithstanding the verdict pursuant to Federal Rule of Civil Procedure 50(b) on the grounds that:

(1) The evidence of trial failed to show Gayle Newton had any liability under 42 U.S.C. § 1983.

(2) The evidence at trial failed to show any circumstances that would defeat the qualified immunity enjoyed by Gayle Newton.

(3) The evidence at trial failed to show Gayle Newton had any liability under any pendent state cause of action.

(4) The evidence at trial failed to show any circumstances that would allow the imposition of punitive damages.

In weighing defendant's motion, this Court is guided by the principles enunciated by the Fifth Circuit en banc in *Boeing Company v. Shipman*, 411 F.2d 365 (5th Cir.1969), and recently affirmed in *Dalton v. Toyota Motor Sales, Inc.*, 703 F.2d 137 (5th Cir.1983). Those principles are that the Court should consider all of the evidence—not just the evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motion is proper. On the other hand, if there is substantial evidence opposed to the motion, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied, and the case submitted to the jury [or the jury's verdict left intact].

Plaintiffs concede that since the evidence at trial showed that it was the Deputy Clerk of Court, Gwen Breaux, whose negligence caused the warrant not to be recalled, there was no viable pendent state delictual claim against Gayle Newton, the Clerk of Court, under the relevant articles of the Louisiana Civil Code. The question, then, becomes whether or not the jury could have found Gayle Newton liable to Tammy Thibodeaux and her minor daughter, Tonya, under 42 U.S.C. § 1983.

42 U.S.C. § 1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

## TAMMY THIBODEAUX'S CLAIM

The U.S. Supreme Court in *Baker v. McCollan*, 443 U.S. 137, 138, 99 S.Ct. 2689, 2691, 61 L.Ed.2d 433 (1979), declared that "the first inquiry in any § 1983 suit, ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" Id., 443 U.S. at 190, 99 S.Ct. at 2692. In the case at bar Tammy Thibodeaux asserts her arrest and detainment were wrongful. In delictual terms that may very well be the case. But whether her arrest and detainment were violative of her constitutional rights is an entirely different question.

■ The Fourteenth Amendment requires "due process of law" for a state to deprive an individual of liberty. The Fourth Amendment, as applied to the states, through the "incorporation" doctrine, requires "the states to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty". *Baker*, at 142–143, 99 S.Ct. at 2693–2694, citing *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). "The probable cause determination 'must be made by a judicial officer either before or promptly after an arrest' ...." *Baker*, 443 U.S., at 143, 99 S.Ct. at 2694. In the case at bar plaintiff does not suggest the fugitive arrest warrant for Tammy Thibodeaux was invalid. It was issued upon a showing of probable cause (i.e., theft by worthless check), and signed by Judge Aaron of the Crowley City Court. When the charges against Tammy Thibodeaux were dismissed, the facially valid certified copy of the fugitive arrest warrant was not recalled due to clerical error in the Clerk of Court's office. It is apparent, then, that regardless of whatever claims Tammy Thibodeaux has in tort, she has failed to establish that she was deprived of her liberty *without due process*. In *Baker*, the Supreme Court said that: "§ 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law".

Thibodeaux asserts that *Baker* stands for the proposition that if one is wrongfully arrested pursuant to a facially valid warrant, only the arresting officers are immune from § 1983 liability, while those who issued the warrant are still subject to § 1983 liability. Plaintiff fails to recognize, however, that the threshhold question is whether she has actually been deprived of liberty without due process—one cannot be deprived of due process as to one defendant, and not deprived of due process as to another. Either the plaintiff's constitutional rights were deprived, or weren't. As the Court said in *Baker*, "If there has been no such deprivation, the state of mind of the defendant is wholly immaterial." Id. at 146, 99 S.Ct. at 2692. This Court finds that the plaintiff's arrest and seven hour detainment conformed to the requirements of the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment. Hence, plaintiff never had a § 1983 cause of action.

■ Even assuming, arguendo, that plaintiff's arrest was unconstitutional, she has failed to establish a § 1983 claim against Gayle Newton, Clerk of Crowley City Court.

It is well-settled that in a § 1983 action "[a] supervisory official cannot be sued under a theory of pure vicarious liability or respondeat superior." *Reimer v. Smith*, 663 F.2d 1316 (5th Cir.1981). Instead, a plaintiff must show that the supervisor personally participated in the alleged wrongdoing; or that the wrongdoing was due to a custom which had received formal approval by the supervisor; or that the wrongdoing was part of the persuasive pattern of conduct; or that there was a failure to supervise that amounts to gross negligence or deliberate indifference. *Bowen v. Watkins*, 669 F.2d 979 (5th Cir.1982); *Jones v. Denton*, 527 F.Supp. 106 (D.C.Ohio 1981). No such showing was made in this case. Indeed, the evidence at trial only showed that the fugitive arrest warrant was not recalled due to the clerical oversight of Gwen Breaux, the Deputy Clerk of Court.

■ Finally, even if Tammy Thibodeaux did have a § 1983 cause of action, and had she established a claim against Gayle Newton, there was no basis from the evidence adduced at trial for an imposition of punitive damages. There was no evidence that Gayle Newton's actions were malicious, wanton, or oppressive.

### TONYA THIBODEAUX'S CLAIM

■ It is unclear why Tammy Thibodeaux brought her minor child Tonya along when she surrendered herself at the Rayne Police Station. This Court finds that Tonya was in her mother's custody during Tammy's detention at the Rayne and Crowley Police Stations, and the fact that Tonya spent several hours at police stations is due to her mother's decision. Therefore, Tonya Thibodeaux never had a § 1983 cause of action.

Even if Tonya Thibodeaux had established a § 1983 cause of action, she has no claim against Gayle Newton for the reason that there is no respondeat superior basis of liability under this statute, as discussed supra.

There is no need for this Court to examine the question of whether Gayle Newton established with sufficient evidence the affirmative defense of qualified immunity of a judicial officer.

Accordingly, defendant Gayle Newton's motion for judgment notwithstanding the verdict is hereby granted.

IT IS ORDERED that the jury verdict previously entered for plaintiff be set aside, and that there be entered a judgment with prejudice in favor of defendant Gayle Newton; and against plaintiff Tammy Thibodeaux and her minor daughter, Tonya, dismissing their demands at their costs.

### ON REHEARING

Plaintiffs have moved that this Court alter or amend its Judgment in the above captioned matter. Movers contend that the Court erred in entering judgment notwithstanding the verdict in favor of defendant, Gayle Newton, and that the jury erred in finding that the City of Crowley was not liable for the negligence of the Deputy Clerk of the Crowley City Court.

This Court reaffirms its earlier finding that plaintiff Tammy Thibodeaux never had a § 1983 cause of action. "When an arrest is made under authority of a *properly issued* warrant the arrest is simply not a false arrest. *Rodriguez v. Ritchey*, 556 F.2d 1185 (5th Cir.1977). Such an arrest is not unconstitutional, and a [§ 1983] complaint based on such an arrest is subject to dismissal for failure to state a claim." *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir.1982). (Emphasis added).

This Court also reaffirms its earlier finding that plaintiff, Tonya Thibodeaux, minor daughter of Tammy Thibodeaux, never had a § 1983 cause of action, for the simple fact that she accompanied her mother to the police station at her mother's choice.

■ The plaintiffs also failed to establish any pendant state delictual claim against Gayle Newton. No showing of negligence or breach of duty on Newton's part was made. Indeed, the only negligence established was that of Gwen Breaux, Deputy Clerk of Court—who is not a party to this suit.

■ Under Louisiana law, the City of Crowley cannot be held vicariously liable for the delictual acts or omissions of the employees of the Crowley City Court, who are officers and employees of the State. The City of Crowley is not the employer or master of the Crowley City Court, and hence is not liable for the negligence of Gwen Breaux. *Cosenza v. Aetna Insurance Company, et al*, 341 So.2d 1304 (La. App. 3rd Cir.1977).

Accordingly, plaintiffs' motion is denied. The judgment of this Court rendered on October 18, 1984, is reaffirmed.