803 F.2d 722
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM WALKER, JR., Plaintiff-Appellant
v.
MIKE CAUDILL AND KELLY THOMPSON, Defendants-Appellees.
 No. 86-5284.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1986.
 
 1
 BEFORE: MARTIN, GUY and NORRIS, Circuit Judges
 
 ORDER
 
 2
 This matter is before the Court upon consideration of appellant's appeal from the district court's order dismissing his civil rights complaint as frivolous. The matter has been referred to a panel of the Court pursuant to Rule 9, Rules of the Sixth Circuit. Upon examination of the certified record and appellant's brief, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Appellant alleges that defendants, primarily through their subordinates, conspired to deny him due process by refusing to appoint him counsel during a proceeding which led to involuntary emergency medical detention. The district court dismissed appellant's action as frivolous. Appellant timely appealed.
 
 
 4
 Upon consideration this Court finds that the district court's order must be affirmed. The Kentucky Revised Statutes Secs. 202A.121 and 202A.016 require that the court, rather than defendants, appoint counsel for an individual subjected to an incompetency proceeding for involuntary hospitalization or emergency detention. Hence, defendants cannot be liable for any alleged denial of due process. Furthermore, appellant, in his pleadings, admits the presence of the public defender at the proceeding. This statement contradicts his allegation of a denial of counsel.
 
 
 5
 Appellant's pleadings consist merely of broad allegations without any facts to support the existence of a conspiracy. See Francis-Sobel v. University of Maine, 597 F.2d 15 (1st Cir.), cert. denied, 444 U.S. 949 (1979); Place v. Shepard, 446 F.2d 1239 (6th Cir. 1971). Finally, defendants are allegedly liable for the acts and omissions of their subordinates. A section 1983 action cannot be premised on the theory of respondeat superior absent a showing of defendants direct responsibility for the subordinate's improper action. Dunn v. State of Tenn., 697 F.2d 121 (6th Cir.), cert. denied, 460 U.S. 1086 (1983); see Monell v. New York Department of Social Services, 436 U.S. 658 (1978); Wilson v. Beebe, 612 F.2d 275 (6th Cir. 1980).
 
 
 6
 It is therefore ORDERED that the district court's order be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.