Robert STENGEL, Administrator of the Estate of Roberto Cruz-Zayas, et al.

v.

CITY OF HARTFORD, et al.

Civ. No. H–85–733 (PCD).

United States District Court, D. Connecticut.

Jan. 29, 1987.

Sydney T. Schulman, Hartford, Conn., for plaintiffs.

Robert Beach, Naab & Danforth, Hartford, Conn., for defendants.

## RULING ON MOTION TO DISMISS

DORSEY, District Judge.

■ Defendants move to dismiss all but the fourth count of plaintiffs' complaint.[1] The facts of this case were fully set forth in the Ruling on Motion to Dismiss filed on May 13, 1986, and need not be repeated here.

*Count One*

■ Count One alleges a cause of action against Officer Nunes and the City of Hartford claiming that defendants' conduct deprived plaintiffs' decedent of his first, fourth, fifth and fourteenth amendment rights. The action against the City is predicated on the allegations that it has a "custom or implicit policy of condoning, aiding, and abetting, and thereby tacitly authorizing, the application of excessive and unnecessary force by its police officers, an expression of the City of Hartford's deliberate indifference to the deprivation of the constitutional rights of citizens by its police department." Amended Complaint at 59. *See Monell v. Department of Social Serv.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611

---

**1.** Plaintiffs concede that Counts Two and Eight should be dismissed. Accordingly, those counts will not be discussed and are dismissed.

(1978). "[A] policy or custom may be inferred from acts or omissions of a municipality's supervisory officials serious enough to amount to gross negligence or deliberate indifference to the constitutional rights of the plaintiff." *Villante v. Department of Corrections,* 786 F.2d 516, 519 (2d Cir.1986), citing *Turpin v. Mailet,* 619 F.2d 196, 201–02 (2d Cir.), *cert. denied,* 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980). A city is liable for its own actions, not on a basis of respondeat superior. *Owens v. Haas,* 601 F.2d 1242, 1246 (2d Cir.), *cert. denied,* 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979). In view of the extensive discovery that necessarily results from a claim of municipal liability under *Monell, Smith v. Ambrogio,* 456 F.Supp. 1130, 1137 (D.Conn.1978), there should be evidence of the municipality's policy beyond a mere single, isolated incident. *City of Oklahoma v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 2435, 85 L.Ed.2d 791 (1985); *Kibbe v. City of Springfield,* 777 F.2d 801, 805 (1st Cir.1985), *cert. granted,* —— U.S. ——, 106 S.Ct. 1374, 89 L.Ed.2d 600 (1986).

■■■ In addition to the incident involved in this case, plaintiffs have alleged that on at least two prior occasions Officer Nunes had been the subject of civilian brutality complaints. Neither complaint has resulted in disciplinary action. Complaint at ¶ 60. Based on these facts, plaintiffs claim "that it was the custom, or unwritten policy, of the Hartford Police Department to support and approve the use of unprovoked violence against civilians by its police office." *Id.* Claims of previous incidents of police brutality along with a city's treatment of such claims may be relevant to the proof of a *Monell* claim. A municipality responsive to its duties relative to the exercise of police power can be expected to investigate claims which on their face have at least a modicum of merit to ascertain, to the extent reasonably possible, the facts of the conduct complained of and to take such action as is warranted by the facts, including disciplinary action against officers shown to have wrongfully exercised the power of their office. Liability exists only where the city's response to complaints was so deficient, either in failing to investigate or in failing to act when the circumstances warranted action, as to suggest that its official attitude was one of indifference to the truth or condonation of the abuse of authority by its officers. Such an attitude would bespeak an indifference to the rights which the complaints would suggest had been violated. *Fiacco v. City of Rensselaer,* 783 F.2d 319, 328 (2d Cir.1986). The fact of a complaint and a failure to discipline an officer in relation thereto is an insufficient basis on which to predicate liability on the City. *Turpin v. Mailet,* 619 F.2d at 202–04. Plaintiffs' allegations are conclusory at best. The mere making of a complaint does not necessarily call for discipline. The City's treatment of the two complaints is not alleged with requisite specificity to have been inadequate or superficial. *Loza v. Lynch,* 625 F.Supp. 850, 854 n. 2 (D.Conn.1986). Plaintiffs merely assert that in one instance a complaint was made, investigated and no discipline executed and in the other "the department moved to quash, rather than investigate [the] ... allegations." Complaint at ¶ 60. Plaintiffs do not describe how the first investigative procedure was inadequate. No facts are alleged on the basis of which the absence of disciplinary action can be said to have been improper. The second complaint is not shown to have been ignored, nor, by its nature, to have required investigation. The City's behavior as alleged is not suggestive of an attitude that police brutality has been condoned. Plaintiffs' inferences are unwarranted by the facts. As thus conclusory, speculative and insufficient, and absent further factual allegations which would support the allegation of a policy of condonation of brutality, Count One must be dismissed as against the City. *Thurman v. City of Torrington,* 595 F.Supp. 1521, 1530 (D.Conn.1984); *Appletree v. City of Hartford,* 555 F.Supp. 224, 228 (D.Conn.1983).

### Counts Three, Five, Six, Seven and Nine

In Counts Three (Chief of Police Bernard R. Sullivan sued officially), Five (Sergeant

Bertram Pelletier sued individually and officially), Six (Deputy Police Chief Biagio Rucci sued individually and officially), Seven (Captain Jessie Campbell sued officially and individually), and Nine (Lieutenant James Garrett sued individually and officially), plaintiffs claim that these individuals are either directly responsible for the allegedly unconstitutional policy adopted by the City (Counts Three and Six) or are particularly liable for the actions of Officer Nunes for failing to supervise, control and discipline him thus tacitly approving his actions and enforcing the allegedly unconstitutional policy (Counts Five, Seven and Nine). "[The] failure of a supervisory official to supervise, control, or train the offending individual officers is not actionable absent a showing that the official either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833, 103 S.Ct. 75, 74 L.Ed.2d 73 (1982); *see also, Stefaniak v. State of Michigan*, 564 F.Supp. 1194, 1198–99 (W.D.Mich.1983).

 The claims against the individual defendants in their official capacity are dismissed. "[L]ocal government officers sued in their official capacities are 'persons' under § 1983 in those cases in which ... a local government would be suable in its own name." *Monell*, 436 U.S. at 690 n. 55, 98 S.Ct. at 2035 n. 55. "[W]e treat suits against city officials in their official capacities as suits against the city." *Varela v. Jones*, 746 F.2d 1413, 1418 (10th Cir.1984). Since the claims against the City have been dismissed, the claims against the officers in their official capacities must likewise be dismissed. As to Pelletier, Rucci, Campbell and Garrett, the claims against them in their individual capacities are also dismissed, since the complaint alleges liability merely of a vicarious nature.

### First and Fourth Amendment Violations

 Defendants have moved to dismiss plaintiffs' claims of first and fourth amendment violations. Contrary to plaintiffs' argument, this court is not concerned with how the defendants' alleged unconstitutional policy affects "the ability of the citizens of Hartford to enjoy freedom of expression and/or association." Plaintiffs Brief at 11. This is not a class action and the court has no jurisdiction over the rights of this class.

 As to the fourth amendment, the Administrator has stated a cognizable deprivation of decedent's rights and dismissal is unwarranted. *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 1701, 85 L.Ed.2d 1 (1985). As to the first amendment, however, not only have plaintiffs failed to allege whose first amendment rights are asserted, but they have also failed to show how the defendants' actions intentionally deprived them of their first amendment rights. "The alleged conduct by the state, however improper or unconstitutional, ... will work an unconstitutional deprivation of the freedom of intimate association only if the conduct was directed at that right." *Trujillo v. Board of County Commissioner*, 768 F.2d 1186, 1190 (10th Cir.1985). Absent sufficient allegations, plaintiffs' first amendment claim is dismissed.

### Conclusion

Defendants' motion to dismiss is granted in part and denied in part: Count One as to the City, and Counts Two, Three, Five, Six, Seven, Eight and Nine are dismissed. The allegations of first amendment violations are dismissed. All that remains in this suit are the Administrator's claims against Officer Nunes for deprivation of the decedent's fourth, fifth and fourteenth amendment rights. The dismissals are without prejudice. Any amendments to be offered to rectify pleading deficiencies shall be filed within fifteen (15) days hereof.

SO ORDERED.